UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAUREN YODER | ) | |
| Plaintiff | ) | Case Number |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| NORTHSTAR LOCATION SERVICES, LLC | ) | |
| Defendant | ) | |
| | ) | |

COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Lauren Yoder, by and through her undersigned counsel, counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

I. INTRODUCTORY STATEMENT

1.  Plaintiff, Lauren Yoder, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office here.

### III. PARTIES

4. Plaintiff, Lauren Yoder, is an adult natural person residing at 598 Eastpointe Lake Drive, Blacklick, Ohio 43004. At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Northstar Location Services, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of Ohio and the state of New Jersey with a principal office at 4285 Genesee Street, Cheektowaga, NY 14225 and a registered office in 820 Bear Tavern Road, Trenton, NJ 08628-1021.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around May, 2010, Plaintiff started receiving calls from Defendant in regards to an alleged debt owed to Bank of America for approximately $6,500.00.

8. Plaintiff stated that they received upwards of eight (8) calls each day in regards to this debt.

9. At that time, Plaintiff informed the Defendant that they had retained the services of the law firm Persels & Associates, LLC and that they should call and speak with them directly in regards to this matter.

10. Defendant took Persels contact information and stated that they would call them on this matter.

11. Plaintiff continued to receive calls from Defendant throughout the month of May even after they had supposedly called Persels.

12. In or around the beginning of June, 2010, Plaintiff's parent's received a call looking for the whereabouts of the Plaintiff.

13. During the call Plaintiff's parents were informed that it was in regards to a debt.

14. Plaintiff was unsure as to why they would contact her parent's home when they had already been in contact with her.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(2):   After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

| | | |
|---|---|---|
| §§ 1692d | | Any conduct the natural consequence is to harass, oppress, or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Northstar Location Services, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date:  September 16, 2010

BY: /s/ Bruce K. Warren

BY: /s/ Brent F. Vullings

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff